STEVEN W. MYHRE
Acting United States Attorney
District of Nevada

MICHAEL A. HUMPHREYS
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: Michael.humphreys@usdoj.gov

*Attorneys for the United States of America.*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) Case No: 2:13-CV-~~00311~~-RFB (VCF)<br>)           1329 |
|       Plaintiff, | )<br>) Stipulated Settlement Agreement for<br>)    Payment of Fees and Costs |
|       v. | )<br>) |
| 32,750.00 IN UNITED STATES<br>CURRENCY, | )<br>) |
|       Defendant. | )<br>) |

The United States of America, by and through Steven W. Myhre, Acting United States

Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States

Attorney, and Fabian Garcia, Sr. (Garcia Sr.), Fabian Garcia, Jr. (Garcia Jr.) (collectively the

Claimants), and their counsel, John J. Leunig, stipulate and agree as follows:

### STIPULATIONS

1. On July 25, 2013, the United States of America filed its complaint for forfeiture

against $32,750.00 seized from Garcia Jr. on March 2, 2013. Garcia Jr. (the driver) and Garcia

Sr. (not on the scene of the stop) filed claims alleging that the currency belonged to Garcia Sr.,

and that it was derived from a legitimate source.

2. At the conclusion of discovery, the Claimants filed a motion to suppress evidence, which was granted by the District Court on July 28, 2016. Pursuant to that court order, and waiving appeal, the Government has agreed to conclude the case by returning the seized currency to the Claimants.

3. In addition, pursuant to 28, U.S.C. § 2465(b)(1), the parties have agreed to resolve their differences regarding the Government's statutorily-imposed obligation to compensate the Claimants for their claimants' attorneys' fees and associated litigation costs as specified by, and limited to, the terms and conditions below:

## AGREEMENT

1. The United States agrees to a one-time, lump-sum payment, to the Claimants or their attorneys, of one hundred and fifteen thousand ($115,000.00) dollars, in resolution of any and all constitutional, legal and/or equitable claims, demands, interest, penalties and any and all circumstances of compensation for the payment of Claimants' professional fees and costs as relates to, and limited by, the legal, factual and equitable claims raised by the issues of the above-captioned lawsuit.

2. Claimants knowingly and voluntarily acknowledge, understand, and agree that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this agreement, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this settlement do not affect the tax obligations fines, penalties, or any other monetary obligations owed to the United States or an individual state; and (e) the exact sum delivered to their attorney,

/ / /

2

on behalf of them may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

3. After the District Court has signed this Stipulated Settlement Agreement, within a practicable time thereafter, the United States agrees to deliver to the Claimants one payment of one hundred and fifteen thousand dollars ($115,000.00), less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through their attorney. Claimants knowingly and voluntarily agree to fill out the Department of the United States Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer to their attorney's client trust account.

4. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

5. This Stipulated Settlement Agreement contains the entire agreement between the parties.

6. Except as expressly stated in this Stipulated Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulated Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulated Settlement Agreement.

7. The persons signing this Stipulated Settlement Agreement warrant and represent that they have full authority to execute this Stipulated Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of this Stipulated Settlement Agreement.

8. This Stipulated Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulated Settlement Agreement is the unofficial Southern

3

1  Division of the United States District Court for the District of Nevada, located in Las Vegas,
2  Nevada.
3          9. This Stipulated Settlement Agreement shall not be construed more strictly against
4  one party than against the other merely by virtue of the fact that it may have been prepared
5  ///
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

1  primarily by counsel for one of the parties; it being recognized that both parties have contributed

2  substantially and materially to the preparation of this Stipulated Settlement Agreement.

3

4  _JOHN LEUNIG_

5  JOHN J. LEUNIG

6  Counsel for CLAIMANTS

7  DATED: _09/15/17_

8

9  _____
   FABIAN GARCIA, SR.

10 Claimant

11 DATED: _9/15/17_

12

13 _____
   FABIAN GARCIA, JR.

14 Claimant

15 DATED: _9/15/17_

16

   STEVEN W. MYHRE
17 Acting United States Attorney

18 _____

19 Michael A. Humphreys
   Assistant United States Attorney

20

21 DATED: _September 15, 2017_

22

23                                    IT IS SO ORDERED:

24

25                                    _____
                                      RICHARD F. BOULWARE, II
26                                    United States District Judge

                                      DATED: September 22, 2017.

                              5